UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:95-CR-112 |
| | § | |
| TYRONE MEGUIAL SOLOMON | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed February 21, 2006, alleging that defendant violated conditions of supervised release by failing to refrain from any unlawful use of a controlled substance on two occasions, by failing to submit urine specimens on ten occasions, and by failing to report for substance abuse counseling on two occasions.

This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

## I.  The Original Conviction and Sentence

Defendant was sentenced on May 1, 1996, before The Honorable Joe J. Fisher of the Eastern District of Texas after pleading guilty to the offense of convicted felon in possession of firearm, a Class C felony.  This offense carried a statutory maximum imprisonment term of 10 years.  The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 105 months.  Defendant was subsequently sentenced to 84 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare; and a $50 special assessment.

## II.  The Period of Supervision

On April 9, 2004, defendant completed his period of imprisonment and began service of the supervision term.  On March 2, 2005, defendant's case was reassigned to United States District Judge Thad Heartfield.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on February 21, 2006.  The petition alleges that defendant violated the following conditions of release:

| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |

  Special Condition:    Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer.

  As grounds, the petition alleges that on or about January 16, 2006, and January 23, 2006, defendant submitted urine specimens that were positive for cocaine and marijuana.  Defendant also failed to submit urine specimens while participating in a random urine analysis testing program on November 7, 19, 21, 28, 2005; December 3, 5, 19, 31, 2005; January 27, 2006; and February 4, 2006.  In addition, defendant failed to report to substance abuse counseling for the entire month of November 2005 and an individual counseling session on February 6, 2006.

### IV.  Proceedings

  On March 14, 2006, the undersigned United States Magistrate Judge convened a hearing to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

  Counsel for the government and the defendant announced that they had reached a partial agreement.  The government would accept defendant's plea of "true" to the allegations that he violated a condition of supervised release by failing to refrain from using the unlawful controlled substances cocaine and marijuana, and

in return, the government would drop all other allegations that defendant violated other conditions of supervised release.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a condition of supervised release by failing to refrain from using the unlawful controlled substances cocaine and marijuana.  The court announced that this violation is a Grade C violation, with policy guidelines suggesting 6 to 12 months imprisonment.

The parties disagreed on an appropriate sanction.  The government argued that defendant's continued failure to comply with conditions of supervised release and that he has 13 months of supervised release remaining warrant a sentence on the higher end of the guidelines.  The government requested that the court sentence defendant to 12 months imprisonment.  Defendant argued that this is the first time he had been brought to court for violating supervised release; he has been somewhat successful at seeking employment; he has not committed no new crimes; and he is not a danger or threat to society.  Defendant believes these factors warrant a sentence on the lower end of the guidelines.  Defendant requested that the court consider 6 months imprisonment, with no supervision to follow his release.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a condition of supervision by submitting urine specimens that tested positive for cocaine and marijuana on January 16, 2005 and January 23, 2005, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.   U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprison- ment range is 6 to 12 months.

Further, according to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to alleged violations of a mandatory condition: by failing to refrain from using the unlawful controlled substances cocaine and marijuana on two occasions.  Based upon defendant's plea of "true" to these allegations and U.S.S.G. § 7B1.1(a), defendant violated this mandatory condition of supervised release in the manner alleged in the petition.  Defendant's violation is a Grade C violation with policy guidelines suggesting 6 to 12 months imprisonment upon revocation.

**<u>Conclusion:</u>**

Defendant has demonstrated inability to adhere to a condition of his supervision.  Defendant did not comply with a mandatory condition of his supervision by failing to refrain from using the unlawful controlled substances cocaine and marijuana.  As such, incarceration appropriately addresses defendant's violations.

## RECOMMENDATIONS

1. The court should find that defendant violated a condition of supervised release by failing to refrain from using the unlawful controlled substances cocaine and marijuana, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked.

3. Defendant should be sentenced to a term of imprisonment of seven (7) months, with no further supervision thereafter.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __15__ day of March, 2006.

_Earl S. Hines_
Earl S. Hines
United States Magistrate Judge